IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MIRIAM A. MABRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:03CV848 |
| ) | |
| THE WESTERN & SOUTHERN ) | |
| LIFE INSURANCE COMPANY, ) | |
| DAVIS LYONS, ROBERT CRUMPTON, ) | |
| and VIVIAN YOUNG, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

BEATY, District Judge.

This matter is before the Court on Defendants' Motion to Dismiss or for Summary Judgment [Document #12] seeking to dismiss the claims brought by Plaintiff Miriam A. Mabry ("Plaintiff") pursuant to the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 et. seq. Plaintiff brings her ADA claim against Defendant Western & Southern Life Insurance Company ("Western & Southern") and three of her former supervisors: Defendants Davis Lyons, Robert Crumpton, and Vivian Young (the "Individual Defendants"). Defendants have moved to dismiss Plaintiff's claims based on their contention that Plaintiff failed to file her claims within the time period required by her employment contract. Defendants have also moved to dismiss Plaintiff's claims against the Individual Defendants based on their contention that the ADA does not provide for a cause of action against individuals. For the reasons stated below, Defendants' Motion to Dismiss or for Summary Judgment [Document #12] is granted in part and denied in part. Plaintiff's claims against the Individual Defendants will be dismissed. However, the Court

concludes that the limitations period in the employment contract is not enforceable as to an ADA claim, and Defendants' Motion to Dismiss or for Summary Judgment on that basis will be denied.

I. PROCEDURAL BACKGROUND

Plaintiff began her employment with Western & Southern on August 6, 2001. In connection with her employment, Plaintiff signed a "Sales Representative's Agreement" (the "Agreement"). Section III of the Agreement states that "You agree: . . . B. Not to commence any action or suit relating to your employment by Western-Southern until ten days after service upon the Chairman, President or Secretary of a written statement of the particulars and amount of your claim. . . . C. Not to commence any action or suit relating to your employment with Western-Southern more than six months after the date of termination of such employment, and to waive any statute of limitation to the contrary."

At the end of August 2001, shortly after Plaintiff began work at Western & Southern, Plaintiff was diagnosed with cancer and underwent surgery and chemotherapy. Plaintiff contends that after her diagnosis, she was singled out and subjected to harassment and to job demands that were not imposed on other sales agents. Plaintiff made contact with the EEOC on December 4, 2002, and her charge of discrimination was filed with the EEOC on January 2, 2003. Plaintiff was terminated by Western & Southern on January 2, 2003, the same date her EEOC charge was filed. On June 30, 2003, the EEOC issued its determination and provided Plaintiff with a "right to sue" letter. The letter informed Plaintiff that any lawsuit she might choose to file pursuant to the ADA "must be filed WITHIN 90 DAYS of your receipt of this Notice" (emphasis in original). Plaintiff filed suit on September 9, 2003, within 90 days of her receipt of the right to sue letter. Plaintiff brings only an ADA claim, and does not assert any state law claims.

2

As noted above, Plaintiff included three of her former supervisors as defendants in this suit, and those individuals have moved to dismiss the claims against them under the ADA. In addition, Defendants seek dismissal of Plaintiff's claims based on their contention that Plaintiff failed to file suit within the time period required by her employment contract. However, the Motion to Dismiss or for Summary Judgment does not seek dismissal on the substance of Plaintiff's claims and does not address the sufficiency of the allegations in the Complaint. Therefore, there are only two issues before this Court at this time: (1) dismissal of the claims against the Individual Defendants under the ADA; and (2) dismissal of Plaintiff's ADA claim based solely on the limitations period contained in her employment contract. The Court will address each of these issues in turn.

II. MOTION TO DISMISS AS TO THE INDIVIDUAL DEFENDANTS

Defendants Davis Lyons, Robert Crumpton, and Vivian Young move to dismiss all of the claims brought against them. It is well-established that "supervisors are not liable in their individual capacities for Title VII violations." Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998). The ADA likewise "does not recognize a cause of action for discrimination by private individuals." Baird v. Rose, 192 F.3d 462, 471 (4th Cir. 1999). In addition, "[b]ecause Title VII does not authorize a remedy against individuals for violation of its provisions, and because Congress has made the remedies available in Title VII applicable to ADA actions, the ADA does not permit an action against individual defendants for retaliation for conduct protected by the ADA." Id. at 472. Based on this authority, it is clear that Plaintiff may not bring claims against the Individual Defendants pursuant to the ADA. Therefore, Defendants' Motion to Dismiss or for Summary Judgment [Document #12] is granted as to the Individual Defendants, and Plaintiff's claims against the Individual Defendants will be dismissed. After those claims are dismissed, the only remaining

3

claim is an ADA claim against Defendant Western & Southern. Defendants have moved to dismiss that claim based on the contractual provisions in the Agreement, as discussed below.

III. MOTION TO DISMISS BASED ON CONTRACTUAL PROVISIONS

    A. Scope of Contractual Limitation Provision

Defendants contend that Plaintiff's claims against Western & Southern should be dismissed because Plaintiff failed to comply with the contractual limitation period contained in the Agreement. As noted above, Plaintiff executed the Agreement when she began work on August 6, 2001. Section III.C. of the Agreement provided that Plaintiff agreed "[n]ot to commence any action or suit relating to your employment with Western-Southern more than six months after the date of termination of such employment, and to waive any statute of limitation to the contrary." Defendants contend that pursuant to this Agreement, Plaintiff was required to file her suit within six months of her termination on January 2, 2003. Significantly, Defendants contend that filing an EEOC charge within the six month period would not satisfy the contractual requirement. According to Defendants, Plaintiff's claims are barred under the Agreement if she did not file suit on the claims in court within six months of her termination, regardless of when or whether any administrative charges were filed. To evaluate this argument, it is helpful to first summarize the administrative requirements for an ADA claim, as follows.

    B. EEOC Administrative Scheme

Under the "integrated, multistep" administrative scheme created by Congress for Title VII and ADA claims, a plaintiff must first file an administrative charge with the EEOC in order to provide the EEOC with "an opportunity to settle disputes through conference, conciliation, and persuasion before the aggrieved party [is] permitted to file a lawsuit." Occidental Life Ins. Co. of

California v. EEOC, 432 U.S. 355, 368, 97 S. Ct. 2447, 2455, 53 L. Ed. 2d 402 (1977). The EEOC charge must be filed within 180 days (roughly 6 months) of the alleged discrimination. 42 U.S.C. 2000e-5(e)(1). After a charge is filed, the EEOC investigates charges and makes determinations. See 42 U.S.C. § 2000e-5(b). If the EEOC finds reasonable cause to believe a violation occurred, the EEOC engages in conference and conciliation, and ultimately may bring a civil action against the employer. See 42 U.S.C. § 2000e-5(f). If the EEOC is unable to find a violation, the EEOC will issue a "right to sue letter" authorizing the plaintiff to file suit. If the EEOC fails to make a "reasonable cause" finding within 180 days after the charge is filed, the aggrieved party may request a right to sue letter. See 29 C.F.R. § 1601.28. After an aggrieved party receives a right to sue letter from the EEOC, the party has 90 days to file suit. 42 U.S.C. 2000e-5(f)(1).

Thus, an aggrieved party has 180 days (or roughly six months) after the alleged unlawful employment practice to file a charge, and the EEOC is given at least 180 days after the filing of the charge (roughly another six months) to make its investigation and determination. See Occidental Life, 432 U.S. at 361, 97 S. Ct. at 2452 (noting, in dicta, that "a complainant whose charge is not dismissed or promptly settled or litigated by the EEOC may himself bring a lawsuit, but that he must wait 180 days before doing so"). After the aggrieved party receives a right to sue letter from EEOC, that party has 90 days to file a civil suit.

In the present case, Defendants concede that Plaintiff filed her EEOC charge within 180 days of the alleged discrimination, since her charge was filed on the same day that she was terminated and four months after the alleged discrimination began. Defendants also concede that Plaintiff filed her civil suit within 90 days of her receipt of the right to sue letter. Thus, there is no dispute that Plaintiff met all of the filing deadlines imposed by the ADA. However, Defendants

5

contend that the six-month limitations period contained in the Agreement required Plaintiff to actually file her civil suit by July 2, 2003, <u>before</u> Plaintiff had even received her right to sue letter from the EEOC. Defendants thus seek to apply this contractual six-month limitation period in a case otherwise governed by the federal ADA regulatory scheme.

      C.      Applicability of Contractual Limitations Clause to ADA Claim

The Supreme Court has noted that "in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period." <u>Order of United Commercial Travelers of America v. Wolfe</u>, 331 U.S. 586, 608, 67 S. Ct. 1355, 1365, 91 L. Ed. 1687 (1947) (footnote omitted). Defendants contend that under this rule, the six-month limitations period is reasonable and should be upheld. Defendants also note that the six-month limitation clause contained in the Agreement has been upheld by numerous courts in relation to various state law claims. <u>See, e.g.</u>, <u>Taylor v. Western & Southern Life Ins. Co.</u>, 966 F.2d 1188, 1205-06 (7th Cir. 1992); <u>Myers v. Western-Southern Life Ins. Co.</u>, 849 F.2d 259 (6th Cir. 1988).

However, the Circuit court cases relied on by Defendants address the validity of the contractual limitation clause only as to state law claims, and do not address the validity of the contractual limitation with respect to a Title VII or ADA claim. As discussed above, Title VII and ADA claims are governed by a Congressionally-designed administrative process, and Defendants may not thwart that administrative process by enforcement of the contractual limitations period. Under Defendants' interpretation of the Agreement, an aggrieved employee would be required to not only file an EEOC charge, but actually bring a civil suit within six months of his or her

6

termination. However, if the employee filed an EEOC charge on or after the employee's termination, the six-month limitations period contained in the Agreement would expire while the employee was still waiting to receive his or her right to sue letter from the EEOC. Because the contractual limitations period would expire before the employee ever had the opportunity to file suit, the employee would be effectively precluded from filing a Title VII or ADA suit.

At least three district courts have considered this type of contractual limitation in a Title VII or ADA suit and have concluded that such a limitation is void and unenforceable in this context. See Lewis v. Harper Hosp., 241 F. Supp. 2d 769, 772 (E.D. Mich. 2002) ("Were this Court to uphold the six month limitation of action clause as to Plaintiff's Title VII claim, the EEOC's period of exclusive jurisdiction would have the effect of abrogating Plaintiff's ability to bring a Title VII suit."); Scott v. Guardsmark Sec., 874 F. Supp. 117, 121 (D.S.C. 1995) ("Congress created the ADA to provide a clear and comprehensive mandate for the elimination of discrimination against individuals with disabilities. . . . [T]his Court will not allow the Defendant to frustrate Congressional intent through a cleverly-drawn unilateral contract [and] . . . this Court will not enforce a contract that reduces the time limits to assert a federal cause of action."); Salisbury v. Art Van Furniture, 938 F. Supp. 435, 437-38 (W.D. Mich. 1996) ("With respect to the ADA claim, the contractual limitation certainly effected a 'practical abrogation' of the right to file an ADA claim and is, therefore, unreasonable."). This Court is persuaded by the reasoning and holdings in these cases.

Defendants nevertheless contend that Plaintiff could have requested an early right to sue letter from the EEOC in order to meet the contractual deadline. However, the applicable regulations allow an aggrieved party to request such a letter "at any time _after_ the expiration of one hundred eighty (180) days from the date of filing of the charge with the Commission." 29 C.F.R.

7

§ 1601.28(a)(1). An aggrieved party may only request a notice <u>prior</u> to the expiration of the 180-day period if certain officials certify "that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge." 29 C.F.R. § 1601.28(a)(2). Under this administrative scheme, an aggrieved party may in some circumstances obtain an early right to sue letter, but the aggrieved party is not <u>entitled</u> to obtain a right to sue letter until 180 days after the filing of the charge. <u>See</u> <u>Walker v. UPS</u>, 240 F.3d 1268, 1273 (10th Cir. 2001) ("Private parties such as [plaintiff] do not have the power to take away EEOC's enforcement authority or to force it to issue early right to sue notices.").[1] Thus, as noted above, if an aggrieved party files an EEOC charge on or after his or her termination date, the contractual limitations period in the Agreement would expire before the right to sue letter could be obtained, effectively abrogating the right to file suit.

Defendants also contend that Plaintiff could have filed suit before receiving a right to sue letter, and then asked for a stay pending the EEOC's determination. However, it is well established that the timely filing of an EEOC charge and the entitlement to a right to sue letter, although not jurisdictional prerequisites, are conditions precedent for suit in federal court. <u>See</u> <u>Zipes v. Trans</u>

---

[1] The Court notes that there is some division of authority regarding whether the EEOC is ever authorized to issue a right to sue letter prior to the expiration of the 180-day period. <u>Compare</u> <u>Martini v. Federal Nat'l Mortgage Ass'n</u>, 178 F.3d 1336, 1346-48 (D.C. Cir. 1999) (holding that "Title VII complainants must wait 180 days after filing charges with the EEOC before they may sue in federal court" because the issuance of an early right to sue letter does not comport with Congressional intent), <u>with</u> <u>Walker v. UPS</u>, 240 F.3d 1268, 1274-77 (10th Cir. 2001) (joining with the Ninth and Eleventh Circuits in upholding the regulation and allowing EEOC to issue early right-to sue letters). The Fourth Circuit has not addressed this issue. However, this Court need not reach this issue in the present case, because even if the EEOC could issue an early letter in some circumstances, the issuance of an early right to sue letter would be within the authority of the EEOC based on whether EEOC expects to complete its processing within 180 days, and an aggrieved party is certainly not <u>entitled</u> to obtain such a letter until after the expiration of the 180 day period.

World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 1132, 71 L. Ed. 2d 234 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement . . . like a statute of limitations."); Perdue v. Roy Stone Transfer Corp., 690 F.2d 1091, 1093 (4th Cir. 1982) (holding that "it is entitlement to a 'right to sue' notice, rather than its actual issuance or receipt, which is a prerequisite" to suit).  This administrative scheme was carefully crafted by Congress, and requiring a party to file suit before the EEOC has an opportunity to review a charge would undermine and contravene the Congressionally-created scheme.  See, e.g., Perdue, 690 F.2d at 1094 (noting that requirement of a right to sue notice "forestall[s] litigation until EEOC has had time to explore the possibility of conciliation . . . [which] reflects Title VII's emphasis on private dispute-resolution"); H.R. Rep. No. 92-238 (1971), reprinted in 1972 U.S.C.C.A.N. 2137, 2146 ("Administrative tribunals are better equipped to handle the complicated issues involved in employment discrimination cases" and "the sorting out of the complexities surrounding employment discrimination can give rise to enormous expenditure of judicial resources in already heavily overburdened Federal district courts").  In addition, requiring a party to prematurely file suit would unnecessarily increase the burden on the federal courts prior to the exhaustion of any administrative remedies, and would result in parallel claims pending before both the EEOC and the courts.  See, e.g., Perdue, 690 F.2d at 1094 (noting that the right to sue notice requirement "serves to prevent concurrent proceedings in the EEOC and the courts"); Moteles v. University of Pennsylvania, 730 F.2d 913, 917 (3d Cir. 1984) ("[P]remature resort to the district court should be discouraged as contrary to congressional intent.").  Therefore, this Court finds that the six-month contractual limitations period in the Agreement is unreasonable and against public

policy as applied to an ADA claim, and this Court will not enforce that limitations clause as to Plaintiff's claim in the present case.

D.   Contractual Notice Requirement

Finally, Defendants also contend that Plaintiff's claims should be dismissed because Plaintiff agreed "[n]ot to commence any action or suit relating to [her] employment by Western-Southern until ten days after service upon the Chairman, President or Secretary of a written statement of the particulars and amount of [her] claim." (Agreement III.B.) Defendants contend that Plaintiff failed to provide the 10-day notice required by this contractual provision. However, the Court notes that Plaintiff's EEOC charge clearly stated the particulars of her claim, and provided Western & Southern with the opportunity to investigate and address her claims if it desired.

Moreover, in evaluating an identical provision, the Court of Appeals for the Ninth Circuit found "little justification for the short ten-day notice provision in the Western-Southern contracts. Ten days is simply not enough time for the company to investigate the factual basis of a claim, to attempt to settle claims without litigation or consider fiscal implications of potential litigation, or to take corrective action to prevent other such claims." Soltani v. Western & Southern Life Ins. Co., 258 F.3d 1038, 1046 (9th Cir. 2001). The Ninth Circuit further noted that "the ten-day written notice provision cannot be for purposes of judicial economy. It is unaccompanied by any corresponding requirement to exhaust internal intra-company grievance procedures." Id. at 1046-47. The Ninth Circuit concluded that "[w]here the effect of a failure to comply with the provision is to lose all legal remedies for wrongdoing regardless of the merits, the clause can work substantial prejudice to an employee. . . . Its effect, with no discernable justification by Western-Southern, is merely to 'maximize employer advantage' and bar any suits relating to the employment agreement."

10

Id. This Court agrees with the reasoning of the Ninth Circuit and concludes that the 10-day notice provision in unenforceable in this context. This Court further concludes that to the extent that such a provision could be enforceable to require some notice to the employer of "the particulars" of Plaintiff's claim prior to her initiating suit, that requirement was met in the present case by the filing of Plaintiff's EEOC charge. Therefore, the Court will not dismiss Plaintiff's claims pursuant to the 10-day notice provision in the Agreement.

For all of these reasons, the Court concludes that the contractual provisions contained in the Agreement are not enforceable to bar Plaintiff's ADA claim in the present case. Defendants do not raise any other basis for dismissal of Plaintiff's claims, and do not address the sufficiency of the allegations or the merits of Plaintiff's claims under the ADA. Therefore, this Court makes no findings regarding the validity or merits of Plaintiff's claims. Defendants' Motion to Dismiss or for Summary Judgment [Document #12] based on the contractual limitations provisions is denied without prejudice to Defendant Western & Southern filing a subsequent motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 as to the merits or sufficiency of Plaintiff's claims.

IV. CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss or for Summary Judgment [Document #12] is GRANTED IN PART AND DENIED IN PART. The Motion to Dismiss is GRANTED as to the Individual Defendants, and the claims against Defendants Davis Lyons, Robert Crumpton and Vivian Young are DISMISSED WITH PREJUDICE. However, the contractual provisions contained in Plaintiff's Sales Representative's Agreement are not enforceable to bar Plaintiff's ADA claim in the present case. Therefore, Defendants' Motion to Dismiss or for

11

Summary Judgment [Document #12] based on the provisions of Section III of the Sales Representative's Agreement is DENIED WITHOUT PREJUDICE to Defendant Western & Southern filing a subsequent motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 as to the merits or sufficiency of Plaintiff's claims.

An Order consistent with this Memorandum Opinion will be filed contemporaneously herewith.

This, the 19 day of April, 2005.

　　　　　　　　　　　　　　　　　　　　　/s/ James A. Beaty
　　　　　　　　　　　　　　　　　　　　　United States District Judge