IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MIRIAM A. MABRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:03CV848 |
| | ) | |
| THE WESTERN AND SOUTHERN | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

BEATY, District Judge.

This matter is before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Document #26] seeking to dismiss the claims brought by Plaintiff Miriam A. Mabry ("Plaintiff"). Plaintiff, who is *pro se*, brings her claims pursuant to the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et. seq.*, against her former employer, Defendant Western and Southern Life Insurance Company ("Western-Southern"). For the reasons discussed below, the Court concludes that the present Motion to Dismiss [Document #26] will be denied without prejudice to Defendant reasserting its motion as a motion for summary judgment after an appropriate discovery period as provided by the Local Rules for this district.

I.      FACTUAL BACKGROUND

Plaintiff began her employment with Western-Southern on August 6, 2001.  At the end of August 2001, shortly after Plaintiff began work at Western-Southern, Plaintiff was diagnosed with cancer and underwent surgery and chemotherapy.  Plaintiff contends that after her diagnosis, and as a result of the side effects of her treatment, she suffered severe fatigue, was unable to work long hours, was anxious and depressed, had to take medication to sleep most nights, and was unable to perform her job at her prior levels.  Plaintiff contends that Western-Southern refused to accommodate her condition and that as a result of her medical condition, she was singled out and subjected to harassment and unreasonable job demands that were not imposed on other sales agents.  Plaintiff alleges that as a result of her supervisor's discrimination and harassment, she was insulted and demeaned, her contract was renegotiated, and she was placed on probation.

Plaintiff submitted a complaint to the Equal Employment Opportunity Commission ("EEOC") on December 4, 2002, and her charge of discrimination was officially filed with the EEOC on January 2, 2003.  Plaintiff was terminated by Western-Southern on January 2, 2003, the same day that her EEOC charge was filed.  On June 30, 2003, the EEOC issued its determination and provided Plaintiff with a "right to sue" letter.  Plaintiff filed suit on September 9, 2003, within 90 days of her receipt of the right to sue letter.  Plaintiff brings only an ADA claim, and does not assert any state law claims.

Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) contending that Plaintiff's claims should be dismissed because she has failed to allege a "disability" under the ADA, and because she has failed to identify any actual "adverse employment action" or severe and pervasive harassment that altered a term, condition, or privilege of her employment. In response, Plaintiff has submitted additional allegations explaining and expanding upon the allegations in her Complaint, as if in an effort to amend her Complaint. In her additional allegations, Plaintiff attempts to establish that she was an individual with a disability and that she did suffer from an adverse employment action. Specifically, with respect to her "disability," Plaintiff contends that she was unable to maintain her work schedule, she had very low energy, she was sick, fatigued, and could not concentrate. She also contends that she lost her hair, had red, burning eyes, had severe pain in her chest and arm, and experienced hot flashes and premature menopause because of the effect of the treatments on her ovaries. Plaintiff contends that these impairments substantially limited her major life activities, including the activities of working and sleeping. With respect to the alleged "adverse employment action," Plaintiff contends that she was harassed, placed on probation, and ultimately terminated by Western-Southern on January 2, 2003 after she filed a complaint with the EEOC. Plaintiff also contends that Western-Southern provided sales support and assistance to other non-disabled agents, but failed to provide similar accommodations to her, and in fact required greater production, office time, and daily reporting after she explained her medical condition to her supervisors.

3

In addition to Plaintiff's factual allegations, Plaintiff also attempts to submit additional evidence in support of her contentions, including evidence regarding her medical condition and evidence that she explained her medical condition to her supervisors and requested accommodation of her condition. Plaintiff also attempts to submit evidence to show that Western-Southern falsely purported to fire her because she did not renew her state license, when she did, in fact, remain licensed in North Carolina as an insurance agent.

In response, Defendant summarily objects to Plaintiff's submission of additional evidence and allegations "which were not raised in her Complaint." (Reply at 2.) However, Defendant does not address the substance of Plaintiff's additional allegations. Instead, Defendant states that if the Court were inclined to consider Plaintiff's additional allegations or documents, the motion should be converted into a motion for summary judgment pursuant to Rule 56, and Defendant would "request[] the opportunity to submit additional arguments, affidavits and other materials" on its own behalf. (Reply at 2.) The Court will therefore turn to a consideration of Defendant's Motion to Dismiss, particularly in light of Plaintiff's attempt to include additional factual allegations and evidence and Defendant's request to submit affidavits and documents on its own behalf.

## II.    ANALYSIS

When reviewing a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "[i]f . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed

4

of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all

material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b). However, "a party

must be afforded a 'reasonable opportunity for discovery' before a Rule 12(b)(6) motion may be

converted and summary judgment granted." Gay v. Wall, 761 F.2d 175, 177-78 (4th Cir. 1985)

(finding that "[b]ecause [plaintiff] was not afforded an opportunity for reasonable discovery, the

district court's treatment of the motion to dismiss as a motion for summary judgment was an

abuse of discretion.").

In the present case, Plaintiff has submitted additional factual allegations, as well as

additional evidence and documents beyond the allegations in the Complaint, in an effort to

respond to the issues raised in Defendant's Motion to Dismiss. To the extent that Plaintiff seeks

to add allegations or amend the allegations in her Complaint, Federal Rule of Civil Procedure

15(a) would allow Plaintiff to amend her Complaint as a matter of right because no Answer has

yet been filed. See Fed. R. Civ. P. 15(a) ("A party may amend the party's pleading once as a

matter of course at any time before a responsive pleading is served."). Although Plaintiff has not

formally moved to amend her Complaint, she has asked the Court to consider her additional

allegations as explanation and clarification of her "original report."[1] Particularly given Plaintiff's

---

[1] Specifically, Plaintiff states that "[w]hen I filed my original report with the court I was respecting the court's time and though I wanted to report the facts, I stayed on the side of brevity. But since I am not a lawyer and do not know all the right things to say or how to present them, I will try to herein explain some things and present facts." (Pl.'s Response [Document #29].) Plaintiff then proceeds to "clarify" and "elaborate" on the allegations in her Complaint.

5

*pro se* status, before granting Defendant's Motion to Dismiss, the Court would be inclined to consider Plaintiff's additional allegations as if they were submitted as an amendment to the Complaint.[2] As noted above, however, Defendant has not responded to the substance of Plaintiff's additional evidence and allegations. Notably, Defendant does not discuss any of Plaintiff's additional allegations or the extent to which those additional allegations would fail to state a claim pursuant to Rule 12(b)(6). Instead, as noted above, Defendant states that if the Court were inclined to consider Plaintiff's additional allegations or documents, the motion should be converted into a motion for summary judgment pursuant to Rule 56, and Defendant would "request[] the opportunity to submit additional arguments, affidavits and other materials" on its own behalf. (Reply at 2.) Given Defendant's request, both parties now seek to present evidence and documentation regarding disputed factual issues beyond the allegations of the Complaint. Therefore, the Court concludes that the present motion should be, as Defendant suggests, more appropriately considered as a motion for summary judgment pursuant to Rule 56. However, Plaintiff has not had any opportunity for discovery at this point in the litigation, and it would therefore be inappropriate to decide the present motion as a motion for summary judgment at this time. Therefore, Defendant's present Motion to Dismiss [Document #26] will

---

[2] As such, the Court will view Plaintiff's Response [Document #29] as an Amendment to her Complaint as of right pursuant to Rule 15(a), and Plaintiff need not file any additional pleading in this regard. Plaintiff is advised, however, that if she seeks to add any further allegations or claims beyond those contained in her Complaint [Document #3] or her Response [Document #29], she would be required to file a Motion to Amend pursuant to Rule 15, and would need to obtain leave of Court before any further amendments would be allowed.

be DENIED, without prejudice to Defendant raising these issues as part of a motion for summary judgment after a reasonable period for discovery as provided by the Local Rules.[3]

An Order consistent with this Memorandum Opinion will be filed contemporaneously herewith.

This, the 1st day of December, 2005.

_____
United States District Judge

---

[3] Plaintiff is advised, however, that to the extent that Defendant may subsequently file a Motion for Summary Judgment, Plaintiff should at that time submit any and all evidence, including medical records, affidavits (from herself or others), and any other evidence she may have to support any factual or legal basis for her claims.